**UNITED STATES BANKRUPTCY COURT**
**EASTERN DISTRICT OF TEXAS**
**SHERMAN DIVISION**

| | |
|---|---|
| IN RE: ) | CASE NO: **15-40337** |
| **Donna G. Crussel** ) | |
| ) | Chapter 13 |
| SSN(s): **xxx-xx-6426** ) | |
| **1012 NE 17th St.** ) | |
| **Paris, TX 75460** ) | |
| ) | |
| ) | |
| ) | |
| Debtor ) | |

**You should read this Plan carefully and discuss it with your attorney.  Confirmation of this Plan by the Bankruptcy Court may modify your rights by providing for payment of less than the full amount of your claim, by setting the value of the collateral securing your claim, and/or by setting the interest rate on your claim.**

# CHAPTER 13 PLAN

Debtor or Debtors (hereinafter called "Debtor") proposes this Chapter 13 Plan:

1.  **Submission of Income.**  Debtor submits to the supervision and control of the Chapter 13 Trustee ("Trustee") all or such portion of future earnings or other future income of Debtor as is necessary for the execution of this Plan.

2.  **Plan Payments and Length of Plan.**  Debtor will pay the sum of **see below** per **month** to Trustee by ☐ Payroll Deduction(s) or by ☑ Direct Payment(s) for the period of **60** months, unless all allowed claims in every class, other than long-term claims, are paid in full in a shorter period of time.  The term of this Plan shall not exceed sixty (60) months. See 11 U.S.C. §§ 1325(b)(1)(B) and 1325(b)(4).  Each pre-confirmation plan payment shall be reduced by any pre-confirmation adequate protection payment(s) made pursuant to Plan paragraph 6(A)(i) and § 1326(a)(1)(C).

    The following alternative provision will apply if selected:

    ☑ Variable Plan Payments

    | Beginning Month | Ending Month | Amount of Monthly Payment | Total |
    |---|---|---|---|
    | 1 (03/27/2015) | 60 (02/27/2020) | $505.00 | $30,300.00 |
    | | | Grand Total: | $30,300.00 |

    Reason for Variable Plan Payments:

3.  **Payment of Claims.  The amounts listed for claims in this Plan are based upon Debtor's best estimate and belief.**
Allowed claims shall be paid to the holders thereof in accordance with the terms thereof.  From the monthly payments described above, the Chapter 13 Trustee shall pay the following allowed claims in the manner and amounts specified.  Claims filed by a creditor designated as secured or priority but which are found by the Court to be otherwise shall be treated as set forth in the Trustee's Recommendation Concerning Claims.

4. **Administrative Claims.** Trustee will pay in full allowed administrative claims and expenses pursuant to § 507(a)(2) as set forth below, unless the holder of such claim or expense has agreed to a different treatment of its claim.

   (A). **Trustee's Fees.** Trustee shall receive a fee for each disbursement, the percentage of which is fixed by the United States Trustee.

   (B). **Debtor's Attorney's Fees.** The total attorney fee as of the date of filing of the petition is __$3,500.00__. The amount of __$70.00__ was paid prior to the filing of the case. The balance of __$3,430.00__ will be paid ☑ from first funds upon confirmation, or in the alternative ☐ from the remaining balance of funds available after specified monthly payments. The total attorney fees are subject to reduction by notice provided in the Trustee's Recommendation Concerning Claims to an amount consistent with LBR 2016(h) absent a certification from debtors attorney regarding legal services provided pertaining to automatic stay litigation occurring in the case.

5. **Priority Claims.**

   (A). **Domestic Support Obligations.**

   ☑ None. If none, skip to Plan paragraph 5(B).

   (i). Debtor is required to pay all post-petition domestic support obligations directly to the holder of the claim.

   (ii). The name(s) and address(es) of the holder of any domestic support obligation are as follows. See 11 U.S.C. §§ 101(14A) and 1302(b)(6).

   (iii). Anticipated Domestic Support Obligation Arrearage Claims

   (a). Unless otherwise specified in this Plan, priority claims under 11 U.S.C. § 507(a)(1) will be paid in full pursuant to 11 U.S.C. § 1322(a)(2). These claims will be paid at the same time as claims secured by personal property, arrearage claims secured by real property, and arrearage claims for assumed leases or executory contracts.

   ☑ None; or

| (a)<br>Creditor<br>(Name and Address) | (b)<br>Estimated arrearage claim | (c)<br>Projected monthly arrearage payment |
|---|---|---|
|  |  |  |

   (b). Pursuant to §§ 507(a)(1)(B) and 1322(a)(4), the following domestic support obligation claims are assigned to, owed to, or recoverable by a governmental unit.

   ☑ None; or

   Claimant and proposed treatment:

| (a)<br>Claimant | (b)<br>Proposed Treatment |
|---|---|
|  |  |

   (B). **Other Priority Claims (e.g., tax claims).** These priority claims will be paid in full, but will not be funded until after all secured claims, lease arrearage claims, and domestic support claims are paid in full.

| (a)<br>Creditor | (b)<br>Estimated claim |
|---|---|
| **IRS** | **$2,088.63** |

Case No:   15-40337
Debtor(s):   **Donna G. Crussel**

---

6. **Secured Claims.**

   (A). **Claims Secured by Personal Property Which Debtor Intends to Retain.**

   (i). **Pre-confirmation adequate protection payments.** Unless the Court orders otherwise, no later than 30 days after the date of the filing of this plan or the order for relief, whichever is earlier, the Debtor shall make the following adequate protection payments to creditors pursuant to § 1326(a)(1)(C). If the Debtor elects to make such adequate protection payments on allowed claims to the Trustee pending confirmation of the plan, the creditor shall have an administrative lien on such payment(s), subject to objection. If Debtor elects to make such adequate protection payments directly to the creditor, Debtor shall provide evidence of such payment to the Trustee, including the amount and date of the payment, as confirmation is prohibited without said proof.

   Debtor shall make the following adequate protection payments:

   ☐ directly to the creditor; or

   ☐ to the Trustee pending confirmation of the plan.

   | (a) Creditor | (b) Collateral | (c) Adequate protection payment amount |
   |---|---|---|
   |  |  |  |

   (ii). **Post confirmation payments.** Post-confirmation payments to creditors holding claims secured by personal property shall be paid as set forth in subparagraphs (a) and (b). If Debtor elects to propose a different method of payment, such provision is set forth in subparagraph (c).

   (a). **Claims to Which § 506 Valuation is NOT Applicable.** Claims listed in this subsection consist of debts secured by a purchase money security interest in a vehicle for which the debt was incurred within 910 days of filing the bankruptcy petition, or, if the collateral for the debt is any other thing of value, the debt was incurred within 1 year of filing. See § 1325(a)(5). After confirmation of the plan, the Trustee will pay to the holder of each allowed secured claim the monthly payment in column (f) based upon the amount of the claim in column (d) with interest at the rate stated in column (e). Upon confirmation of the plan, the interest rate shown below or as modified will be binding unless a timely written objection to confirmation is filed and sustained by the Court. Payments distributed by the Trustee are subject to the availability of funds.

   ☐ None; or

   | (a) Creditor; and (b) Collateral | (c) Purchase date | (d) Estimated Claim | (e) Interest rate | (f) Monthly payment |
   |---|---|---|---|---|
   | **Regional Acceptance** **2005 Honda Accord** | 9/2010 | $10,374.29 | 3.25% | $265.80 Avg. Month(s) 8-49 |

   (b). **Claims to Which § 506 Valuation is Applicable.** Claims listed in this subsection consist of any claims secured by personal property not described in Plan paragraph 6(A)(ii)(a). After confirmation of the plan, the Trustee will pay to the holder of each allowed secured claim the monthly payment in column (f) based upon the replacement value as stated in column (d) or the amount of the claim, whichever is less, with interest at the rate stated in column (e). The portion of any allowed claim that exceeds the value indicated below will be treated as an unsecured claim. Upon confirmation of the plan, the valuation and interest rate shown below or as modified will be binding unless a timely written objection to confirmation is filed and sustained by the Court. Payments distributed by the Trustee are subject to the availability of funds.

   ☐ None; or

---

Case No:   15-40337
Debtor(s):   **Donna G. Crussel**

| (a) Creditor; and (b) Collateral | (c) Purchase date | (d) Replacement value | (e) Interest rate | (f) Monthly payment |
|---|---|---|---|---|
| **United Consumer Financial Svc** <br> **kirby vaccum** | | $300.00 | 0.00% | $5.66 Avg. <br> Month(s) 8-60 |

(B). **Claims Secured by Real Property Which Debtor Intends to Retain.** Debtor will make all post-petition mortgage payments directly to each mortgage creditor as those payments ordinarily come due. These regular monthly mortgage payments, which may be adjusted up or down as provided for under the loan documents, are due beginning the first due date after the case is filed and continuing each month thereafter, unless this Plan provides otherwise. Trustee may pay each allowed arrearage claim at the monthly rate indicated below until paid in full. Trustee will pay interest on the mortgage arrearage if the creditor requests interest, unless an objection to the claim is filed and an order is entered disallowing the requested interest.

| (a) Creditor; and (b) Property description | (c) Estimated pre-petition arrearage | (d) Interest rate | (e) Projected monthly arrearage payment |
|---|---|---|---|
| **Lamar County Appraisal District** <br> **2010-2014 property taxes** | $6,800.00 | 12.00% | $193.17 Avg. <br> Month(s) 8-60 |

(C). **Surrender of Collateral.**   Debtor will surrender the following collateral no later than thirty (30) days from the filing of the petition unless specified otherwise in the Plan. Any involuntary repossession/foreclosure prior to confirmation of this Plan must be obtained by a filed motion and Court order, unless the automatic stay no longer applies under § 362(c). Upon Plan confirmation, the automatic stay will be deemed lifted for the collateral identified below for surrender and the creditor need not file a Motion to Lift Stay in order to repossess, foreclose upon or sell the collateral. Nothing herein is intended to lift any applicable co-Debtor stay, or to abrogate Debtor's state law contract rights.

| (a) Creditor | (b) Collateral to be surrendered |
|---|---|
| | |

(D). **Void Lien:** The secured creditors listed below hold a non-purchase money, non-possessory security interest on Debtor's exempt property. Their lien will be voided pursuant to 11 U.S.C. § 522(f) and their claim treated as unsecured and paid pursuant to paragraph 7 below:

| Name of Creditor | Collateral Description | Estimated Claim |
|---|---|---|
| **Alliance Finance** | **Household Goods** | $900.00 |
| **Toledo Finance** | **Household Goods** | $1,250.00 |

7.   **Unsecured Claims.**   Debtor estimates that the total general unsecured debt not separately classified in Plan paragraph 12 is   **$82,827.00**   . After all other classes have been paid, Trustee will pay to the creditors with allowed general unsecured claims a pro rata share of   **$49.63**   . Trustee is authorized to increase this dollar amount if necessary, in order to comply with the applicable commitment period stated in paragraph 2 of this Plan.

8.   **Executory Contracts and Unexpired Leases.** All executory contracts and unexpired leases are assumed, unless rejected herein. Payments due after the filing of the case will be paid directly by Debtor (c) or through the plan by the Trustee (d), as set forth below.

Case No:  15-40337
Debtor(s):  **Donna G. Crussel**

___

Debtor proposes to cure any default by paying the arrearage on the assumed leases or unexpired contracts in the amounts projected in column (e) at the same time that payments are made to secured creditors. All other executory contracts and unexpired leases of personal property are rejected upon conclusion of the confirmation hearing.

☑ None; or

| (a) Creditor; and (b) Nature of lease or executory contract | (c) Payment to be paid directly by Debtor | (d) Payment to be paid through plan by Trustee | (e) Projected arrearage monthly payment through plan (for informational purposes) |
|---|---|---|---|
|  |  |  |  |

9. **Property of the Estate.** Upon confirmation of this plan, title of the property of the estate shall vest in DEBTOR(S), unless the Court orders otherwise.

10. **Post-petition claims.** The DEBTOR(S) will not incur any post-petition consumer debt except upon written approval of the Court or the Standing Chapter 13 Trustee. Post-petition claims will be allowed only as specified in 11 U.S.C. § 1305.

11. **General Provisions.** Post-Petition earnings during the pendency of this case shall remain property of the estate notwithstanding section 1327. Any remaining funds held by the Trustee after dismissal or conversion of a confirmed plan may be distributed to creditors pursuant to these provisions. Notwithstanding section 1329(a), the Trustee may bring a motion anytime within the applicable commitment period of the Plan to modify debtor's Plan to meet the criteria of section 1325(b). Any funds sent to the debtor(s) in care of the Trustee, during the pendency of this case may be deposited to the debtor's account and disbursed to creditors holding allowed claims pursuant to this Plan, the Confirmation Order, and/or as set forth in the Trustee's Recommendation Concerning Claims.

12. **Other Provisions:**

    (A). **Special classes of unsecured claims.**

| Name of Unsecured Creditor | Remarks |
|---|---|
|  |  |

    (B). **Other direct payments to creditors.**

| Name of Creditor | Remarks |
|---|---|
|  |  |

    (C). **Additional provisions.**

    Notwithstanding any provision herein to the contrary, the deadline for the Trustee to file the Trustee's Recommendation Concerning Claims, as well as the deadline for filing objections to the Trustee's Recommendation Concerning Claims and objections to claims shall be governed by Local Bankruptcy Rule 3015(g).


    Notwithstanding any other provision in the Plan, the Trustee shall receive a fee as allowed pursuant to the provisions of 28 U.S.C. 586(e)(2) in the percentage amount as fixed by the United States Trustee.


Special Note: This plan is intended as an exact copy of the recommended form prepared by the Standing Chapter 13 Trustees for this District, except as to any added paragraphs after paragraph 11 above. The Chapter 13 trustee shall be held harmless for any changes in this plan from the recommended form dated July 1, 2005.

Case No:    15-40337
Debtor(s):    **Donna G. Crussel**

---

Date:    **March 7, 2015**              **/s/ Donna G. Crussel**
                                         Donna G. Crussel, Debtor

**/s/ Robert E. Barron**
Robert E. Barron, Debtor's Attorney

**UNITED STATES BANKRUPTCY COURT**
**EASTERN DISTRICT OF TEXAS**
**SHERMAN DIVISION**

IN RE:  **Donna G. Crussel**                                    CASE NO.  **15-40337**
_____
*Debtor*

_____                                       CHAPTER  **13**
*Joint Debtor*

## CERTIFICATE OF SERVICE

I, the undersigned, hereby certify that on March 7, 2015, a copy of the attached Chapter 13 Plan, with any attachments, was served on each party in interest listed below, by placing each copy in an envelope properly addressed, postage fully prepaid in compliance with Local Rule 9013 (g).

**/s/ Robert E. Barron**
Robert E. Barron
Bar ID:01820800
Barron & Barron, LLP
P.O. Box 1347
Nederland, Texas 77627
(409) 727-0073

---

Alliance Finance
25 NE 20th Street
Paris, TX 75460

Belk
P.O. Box 960012
Orlando, FL 32896

Cash Express
Paris, TX 75460

Alliance Finance
25 NE 20th
Paris, TX 75460

Belk
POB 965046
Orlando, FL 32896

Cash Express
201 N. Collegiate Ste. 475
Paris, TX 75460

Ashro
3650 Milwaukee St.
Madison, WI 53714

Beneficial Finance
221 N. Broadway St.
Hugo, OK 74743

Cash Max
147 N. Colligate
Paris, TX 75460

Bealls
c/o Comenity Bank
POB 182124
Columbus, OH 43218

Capital One
POB 85149
Richmond, VA 23295

Cash Net USA
PO Box 643990
Cincinnati, OH 45264

**UNITED STATES BANKRUPTCY COURT**
**EASTERN DISTRICT OF TEXAS**
**SHERMAN DIVISION**

IN RE:  **Donna G. Crussel**                              CASE NO.  **15-40337**
_Debtor_

                                                          CHAPTER  **13**
_Joint Debtor_

**CERTIFICATE OF SERVICE**
(Continuation Sheet #1)

| | | |
|---|---|---|
| Cash Store #7115<br>3848 Lamar Ave.<br>Paris, TX 75460 | House Hold Bank Master Card<br>PO Box 49352<br>San Jose, CA 95161 | Noble Finance<br>118 Clarksville, St.<br>Paris, TX 75460 |
| Check & Go<br>3304 Lamar Ave.<br>Paris, TX 75460 | Internal Revenue Service<br>POB 21126<br>Philadelphia, PA 19114 | One Main Financial<br>POB 70918<br>Charlotte, NC 28272-0918 |
| Chevron<br>PO Box 530950<br>Atlanta, GA 30353 | IRS<br>P.O. Box 7346<br>Philadelphia, PA 19101-7346 | Paris Regioanl Medical<br>865 E. Delaware Dr.<br>Paris, TX 75460 |
| City Finance<br>1559 Clarksville St.<br>Paris, TX 75460 | Janna L. Countryman<br>P.O. Box 941166<br>Plano, TX 75094-1166 | Paris Regional Medical<br>865 Deshong Dr.<br>Paris, TX 75460 |
| Discover Bank Card<br>Van Ru Credit Corp.<br>11069 Strangline Rd. Bldg. E<br>Lenexa, KS 66215 | JC Penney<br>P.O. Box 965005<br>Orlando, FL 32896 | Paris Regional Medical Center<br>POB 99400<br>Louisville, KY 40269 |
| Donna G. Crussel<br>1012 NE 17th St.<br>Paris, TX 75460 | JC Penney<br>POB 965046<br>Orlando, FL 32896-5046 | Paris Regional Medical Center<br>Dept. 23<br>POB 4115<br>Concord, CA 94524 |
| House Hold B.C.<br>POB 80069<br>Salinas, CA 93912 | Lamar County Appraisal District<br>521 Bonham St.<br>P.O. Box 400<br>Paris, TX 75461-0400 | Payment Processing Center<br>POB 5259<br>Carol Stream, IL 60197 |

**UNITED STATES BANKRUPTCY COURT**
**EASTERN DISTRICT OF TEXAS**
**SHERMAN DIVISION**

IN RE:  **Donna G. Crussel**                                    CASE NO.  **15-40337**
                           *Debtor*

                                                                CHAPTER  **13**
                         *Joint Debtor*

**CERTIFICATE OF SERVICE**
(Continuation Sheet #2)

---

Regional Acceptance
POB 580075
Charlotte, NC 28258

United Consumer Financial Svc
c/o Vital Recovery Service Inc.
POB 92378
Norcross, GA 30010

Regional Acceptance Credit Corp.
13831 NW Freeway, Ste. 251
Arlington, TX 76018

United States Attorney's Office
110 North College Ave., Ste 700
Tyler, Texas 75702-0204

Seventh Ave.
1112 7th Ave.
Monroe, WI 53566

Western Finance
1245 Clarksville St.
Paris, TX 75460

Spot Loan
POB 720 Veocyn
Belcourt, ND 58316

World Finance Corp.
1747 Lamar Ste. A
Paris, TX 75460

TEXAS HEALTH Presbyterian -Rockwall
PO Box 676882
Dallas, TX 75267

Toledo Finance
1321 Clarksville Street
Paris, TX 75460

U.S. Attorney General
Main Justice Building
10th and Constitution Ave NW
Washington, DC 20530-0001

```
Label Matrix for local noticing         Alliance Finance                      Alliance Finance
0540-4                                  25 NE 20th                            25 NE 20th Street
Case 15-40337                           Paris, TX 75460-4715                  Paris, TX 75460-4715
Eastern District of Texas
Sherman
Sat Mar  7 13:29:29 CST 2015

Ashro                                   Robert E. Barron                      Barron & Barron, LLP
3650 Milwaukee St.                      P.O. Box 1347                         P.O. Box 1347
Madison, WI 53714-2304                  Nederland, TX 77627-1347              Nederland, Texas 77627-1347


Bealls                                  Belk                                  Belk
c/o Comenity Bank                       P.O. Box 960012                       POB 965046
POB 182124                              Orlando, FL 32896-0012                Orlando, FL 32896-5046
Columbus, OH 43218-2124


Beneficial Finance                      Capital One                           Cash Express
221 N. Broadway St.                     POB 85149                             201 N. Collegiate Ste. 475
Hugo, OK 74743-3859                     Richmond, VA 23295-0001               Paris, TX 75460-5094


Cash Express                            Cash Max                              Cash Net USA
Paris, TX 75460                         147 N. Colligate                      PO Box 643990
                                        Paris, TX 75460-4842                  Cincinnati, OH 45264-0309


Cash Store #7115                        Check & Go                            Chevron
3848 Lamar Ave.                         3304 Lamar Ave.                       PO Box 530950
Paris, TX 75462-5205                    Paris, TX 75460-5024                  Atlanta, GA 30353-0950


City Finance                            Donna G. Crussel                      Discover Bank Card
1559 Clarksville St.                    1012 NE 17th St.                      Van Ru Credit Corp.
Paris, TX 75460-6077                    Paris, TX 75460-3136                  11069 Strangline Rd. Bldg. E
                                                                              Lenexa, KS 66215-2181


House Hold B.C.                         House Hold Bank Master Card           IRS
POB 80069                               PO Box 49352                          P.O. Box 7346
Salinas, CA 93912-0069                  San Jose, CA 95161-9352               Philadelphia, PA 19101-7346


(p)INTERNAL REVENUE SERVICE             JC Penney                             JC Penney
CENTRALIZED INSOLVENCY OPERATIONS       P.O. Box 965005                       POB 965046
PO BOX 7346                             Orlando, FL 32896-5005                Orlando, FL 32896-5046
PHILADELPHIA PA 19101-7346


Lamar County Appraisal District         Noble Finance                         One Main Financial
521 Bonham St.                          118 Clarksville, St.                  POB 70918
P.O. Box 400                            Paris, TX 75460-5811                  Charlotte, NC 28272-0918
Paris, TX 75461-0400
```

| | | |
|---|---|---|
| Paris Regioanl Medical<br>865 E. Delaware Dr.<br>Paris, TX 75460 | Paris Regional Medical<br>865 Deshong Dr.<br>Paris, TX 75460-9313 | Paris Regional Medical Center<br>Dept. 23<br>POB 4115<br>Concord, CA 94524-4115 |
| Paris Regional Medical Center<br>POB 99400<br>Louisville, KY 40269-0400 | Payment Processing Center<br>POB 5259<br>Carol Stream, IL 60197-5259 | Regional Acceptance<br>POB 580075<br>Charlotte, NC 28258-0075 |
| Regional Acceptance Credit Corp.<br>13831 NW Freeway, Ste. 251<br>Arlington, TX 76018 | Seventh Ave.<br>1112 7th Ave.<br>Monroe, WI 53566-1364 | (p)SPOTLOAN<br>PO BOX 927<br>PALATINE IL 60078-0927 |
| TEXAS HEALTH Presbyterian -Rockwall<br>PO Box 676882<br>Dallas, TX 75267-6882 | John Talton<br>P. O. Box 941166<br>Plano, TX 75094-1166 | Toledo Finance<br>1321 Clarksville Street<br>Paris, TX 75460-6032 |
| U.S. Attorney General<br>Department of Justice<br>Main Justice Building<br>10th & Constitution Ave., NW<br>Washington, DC 20530-0001 | U.S. Attorney General<br>Main Justice Building<br>10th and Constitution Ave NW<br>Washington, DC 20530-0001 | US Trustee<br>Office of the U.S. Trustee<br>110 N. College Ave.<br>Suite 300<br>Tyler, TX 75702-7231 |
| United Consumer Financial Svc<br>c/o Vital Recovery Service Inc.<br>POB 92378<br>Norcross, GA 30010 | United States Attorney's Office<br>110 North College Ave., Ste 700<br>Tyler, Texas 75702-0204 | Western Finance<br>1245 Clarksville St.<br>Paris, TX 75460-6030 |
| World Finance Corp.<br>1747 Lamar Ste. A<br>Paris, TX 75460-4709 | | |

The preferred mailing address (p) above has been substituted for the following entity/entities as so specified by said entity/entities in a Notice of Address filed pursuant to 11 U.S.C. 342(f) and Fed.R.Bank.P. 2002 (g)(4).

| | | |
|---|---|---|
| Internal Revenue Service<br>POB 21126<br>Philadelphia, PA 19114 | Spot Loan<br>POB 720 Veocyn<br>Belcourt, ND 58316 | End of Label Matrix<br>Mailable recipients    48<br>Bypassed recipients     0<br>Total                  48 |